UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY LINDSEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12281** |
| **DARREL VANNOY, WARDEN** | **SECTION "D" (1)** |

### ORDER AND REASONS

The Court, having considered *de novo* the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254,[1] the Amended Petition,[2] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[3] and the Petitioner's Objection to the Report and Recommendation,[4] hereby overrules Petitioner's objections, approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

As described by the Magistrate Judge, Lindsey's Petition undoubtably runs afoul of the Antiterrorism and Effective Death Penalty Act of 1996's one-year period of limitations.[5] Lindsey recognizes as much.[6] The question before the Court is whether there exists some mechanism by which the Court may excuse Lindsey's failure to comply with the one-year limitations period.

The Court notes that Lindsey contends that because he was not competent to stand trial he is "actually innocent" of the crimes he was charged with, and therefore

---

[1] R. Doc. 1.
[2] R. Doc. 12.
[3] R. Doc. 15
[4] R. Doc. 16
[5] *See* 28 U.S.C. § 2244(d)(1).
[6] *See* R. Doc. 12 at 2 ¶ 9.

the court may ignore the procedural bar of the AEDPA's statute of limitations. It is true that when a Petitioner proves that he is "actually innocent" a court may consider the merits of a habeas petition notwithstanding certain procedural bars.[7] "The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty."[8] The Fifth Circuit has held that demonstrating actual innocence requires that a petitioner show, "as a factual matter, that he did not commit the crime of conviction."[9] As the Magistrate Judge correctly held, Lindsey's argument that he was not capable to stand trial does not speak to whether he was "actually innocent" of the crime charged. Indeed, other courts have rejected the claim that evidence of lack of mental capacity to stand trial amounts to "actual innocence" of the crimes charged.[10]

The analysis in the Magistrate Judge's Report and Recommendation regarding whether Petitioner is entitled to either statutory or equitable tolling is detailed and thorough. Petitioner filed an Objection to the Magistrate's Report and Recommendation.[11] Instead of objecting to any specific portion of the Report and Recommendation, Petitioner's Objection appears to be a summary of his original Petition in which he claims a due process violation for the trial court's failure to address his competency prior to trial. As this Objection does not address the

---

[7] *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).
[8] *Schlup v. Delo*, 513 U.S. 298, 329 (1995).
[9] *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995).
[10] *Love v. Stephens*, No. 13-1186, 2015 WL 7008031, at *3 (N.D. Tex. Sept. 18, 2015); *see also Moen v. Czerniak*, No. 02-10, 2006 WL 2270879, at *7 (D. Ore. Aug. 8, 2006).
[11] R. Doc. 16.

Magistrate Judge's correct finding that the Petition is time-barred by the AEDPA's statute of limitations and, therefore, her recommendation for dismissal of the application for habeas corpus relief, Petitioner's Objections to the R&R are overruled.

Additionally, Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[12]  The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further.[13]  "Any doubt regarding whether to grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination."[14]  After reviewing the record, the Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right and that reasonable jurists would agree with that finding. The Court, therefore, denies Petitioner a certificate of appealability.

---

[12] 28 U.S.C. § 2253(c)(2).
[13] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
[14] *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir. 1997); *Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

**IT IS ORDERED** that Larry Lindsey's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DENIES** Petitioner a certificate of appealability.

New Orleans, Louisiana, May 18, 2021.

                                                *Wendy B Vitter*
                                          **WENDY B. VITTER**
                                          **UNITED STATES DISTRICT JUDGE**